Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1396 | **DATE** | 3/9/2001 |
| **CASE TITLE** | Beverage Realty, Inc. vs. Chatham Club, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Plaintiff's counsel has to and including March 19, 2001 to file an appropriate amendment to Complaint paragraphs 1 and 2 in this Court's chambers. In the absence of such a timely amendment, this Court would be constrained to enter an order of dismissal.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 12 2001 | 2 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | 01 MAR -9 PM 4:07 | 3/9/2001 date mailed notice |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEVERAGE REALTY, INC., )
)
         Plaintiff, )
)
v. ) No. 01 C 1396
)
CHATHAM CLUB, LLC, )
)
         Defendant. )

## MEMORANDUM ORDER

Beverage Realty, Inc. ("Beverage") has filed a Complaint against Chatham Club, LLC ("Chatham"), seeking to invoke federal jurisdiction under the diversity of citizenship provisions of 28 U.S.C. §1332.[1] Because the Complaint is materially deficient in setting out an essential predicate for such jurisdiction (the citizenship of both parties), this sua sponte memorandum order is issued to identify those flaws and to require that they be cured within a short time frame, failing which this Court would be constrained to dismiss this action for lack of subject matter jurisdiction.

First, even though Section 1332(c)(1) expressly identifies the dual facets of corporate citizenship for diversity purposes, Complaint ¶1 says nothing more as to Beverage other than that it "is a Delaware corporation." Accordingly an amendment is required to conform to the Section 1332(c)(1) requirements.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

As for Chatham, Complaint ¶2 says only that it "is an Illinois limited liability company engaged in the business of developing residential real estate projects." But counsel is expected to know[2] that our Court of Appeals teaches limited liability companies are treated for diversity purposes just like partnerships or other unincorporated associations, with the state of citizenship of each member entering into the diversity equation (Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)). It is thus irrelevant that Complaint ¶2 would have been insufficient in Section 1332(c)(1) terms even if Chatham had been equated to corporate form, for here there is an even greater (indeed, a total) deficiency in meeting the operative standard.

Such complete disregard of the plain requirements for establishing diversity jurisdiction could well justify a current dismissal of the Complaint and this action for lack of subject matter jurisdiction. But this Court has no desire to force Beverage to invest another $150 filing fee if the defects referred to here are readily curable. Accordingly its counsel is granted until March 19, 2001 to file an appropriate amendment to

---

[2] It appears that a Boston law firm is Beverage's principal counsel, so that the absence of knowledge on the part of its members as to Seventh Circuit law might not be surprising (though all counsel are obligated to inform themselves of the state of the relevant law in such circumstances). But the co-counsel for Beverage (one of whom signed the Complaint) are members of a large and long-established multiple-office firm who are located in its principal office here in Chicago.

Complaint ¶¶1 and 2 in this Court's chambers. In the absence of such a timely amendment, this Court would be constrained to enter an order of dismissal.[3]

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date:    March 9, 2001

---

[3] No charge is to be made to Beverage by its counsel for the added work and expense incurred in correcting counsel's errors. Beverage's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).