# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1396 | **DATE** | 5/21/2003 |
| **CASE TITLE** | Beverage Realty vs. Chatham Club, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Accordingly, unless Chatham supplements its response on or before June 4, 2003 to satisfy its burden, this Court will be constrained to grant Beverage's Rule 54(b) motion. If Beverage wishes to tender its own filing within the same time frame to identify any deficiencies on Chatham's part that it believes made the execution of the Redevelopment Agreement unavailable to Chatham before Beverage satisfied its own obligations, it is free to do so.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | IS | 62 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 5/21/2003 | |
| | | 03 MAY 21 PM 4:45 | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | U.S. Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEVERAGE REALTY, INC.,  )
                        )
        Plaintiff,       )
                        )
v.                      )   No.  01 C 1396
                        )
CHATHAM CLUB, LLC,      )
                        )
        Defendant.      )

## MEMORANDUM OPINION AND ORDER

Each side in this hotly-contested claim and counterclaim litigation earlier filed an Fed. R. Civ. P. ("Rule") 56 motion for summary judgment that caused this Court to jump through the required procedural hoops by reviewing the extensive documentation submitted by the parties, only to generate a lengthy February 19, 2003 memorandum opinion and order ("Opinion") that was compelled to grant only a portion of the relief sought by one of the litigants while denying every other aspect of the motions. Next Beverage Realty, Inc. ("Beverage") filed a Rule 54(b) motion to dismiss part of the Chatham Club, L.L.C. ("Chatham") counterclaim that sought to recover damages based on its loss of tax increment financing ("TIF") funds. At this Court's direction Beverage then filed a May 1 supplemental memorandum of law and accompanying documentation, followed by Chatham's May 16 response to the supplemented motion. Those submissions have triggered this memorandum opinion and order.

Initially Beverage had launched a twofold attack on

Chatham's TIF claim:

>    1. Because Chatham had not then entered into a Redevelopment Agreement with the City of Chicago (a necessary precondition to its receipt of TIF funding), Beverage could assertedly not be liable in any event for interfering with Chatham's potential contractual right to receive such funds.
>
>    2. Chatham had expressly admitted that Beverage was <u>not</u> responsible for Chatham's inability to enter into such a Redevelopment Agreement.

When it turned out that a Redevelopment Agreement had in fact been entered into on April 2, 2003 (just nine days before Beverage submitted its Rule 54(b) motion), that first asserted bar to Chatham's claim was no longer viable. But as to the second ground, Chatham's just-received response mysteriously says not a word--even more mysteriously, Chatham's counsel surprisingly reassert an entitlement on <u>Chatham's</u> part to a partial summary judgment on the issue of causation.

On that score the situation is that Beverage took the deposition of two witnesses whom Chatham had designated under Rule 30(b)(6) to testify on its behalf. And one of those designees, Billie Jo Spathies ("Spathies"), after testifying on May 15, 2002 as to a number of difficulties that had caused the City to be "unwilling and unable to sign the redevelopment

2

agreements" (Dep. 43), went on to say that they were then "preparing to sign the redevelopment agreement" (id. 43-44). After further inquiry by Beverage's counsel in connection with some other problems that had been encountered in connection with the construction project, Spathies admitted under oath (id. 49):

> Q. Okay. Is a requirement to getting the tax increment financing that the redevelopment agreement between Chatham Club and the City be signed?
>
> A. Yes.
>
> Q. Okay. Does Chatham Club maintain that Beverage is in any way responsible for the delay in the signing of the redevelopment agreement?
>
> A. No.

It would be difficult to envision a more unequivocal admission of a lack of causation between any delay attributable to Beverage and Chatham's asserted damage stemming from a delay in its receipt of TIF financing in consequence of the Redevelopment Agreement and the events to follow. That alone could suffice to defeat Chatham's position, and it is really inexplicable for Chatham's counsel to have been totally silent in terms of a response on that subject.[1]

---

[1] "Totally silent," that is, by way of any actual response. Instead Chatham Mem. 4 n.3 purports to draw some significance from the Opinion's non-mention of that admission on Chatham's part. But Opinion at 28-29 had no occasion to do so, for its brief treatment simply focused on the absence of definitive input from the parties on the possibility that Beverage might otherwise have been a contributing cause to the non-receipt of TIF funds. At this stage Beverage's admission argument remains unchallenged.

3

But even if that admission were not fatal to Chatham's claim, Chatham faces other difficulties as well. It seeks to avoid the causation question by pointing to provisions in the Redevelopment Agreement that identified conditions it could not have satisfied until Beverage completed its own performance, so that it contends "the Court may now hold as a matter of law that Beverage's breaches did contribute to the delayed generation and payment of TIF financing" (Chatham Mem. 2).

But that argument is obviously oversimplistic, for it leaves open the question whether there were *other* requirements that Chatham had to meet to obtain the execution of the Redevelopment Agreement that did *not* hinge on Beverage-related performance. If Chatham still could not have met those requirements until after Beverage actually delivered on its performance, Chatham cannot win on this claim.

What has just been said expresses the fundamental concept that a complained-of breach by a defendant must have been *a* proximate cause, though not necessarily *the* proximate cause, of plaintiff's injuries--something that the parties had to know was a key issue from Opinion 28-29:

> Another piece of the puzzle would depend on whether any cause that is ascribable to Chatham, so that it could not have obtained the redevelopment agreement anyway, broke the link that could impose liability on Beverage.

This of course is a matter on which Chatham has the burden of persuasion. On that score, the seminal opinion in <u>Anderson v.</u>

4

Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986) teaches in the analogous context of summary judgment motions that the party bearing such a burden must present affirmative evidence in support of its position--an obligation that is underscored where, as here, Chatham is confronted with an unexplained admission on its part that Beverage did <u>not</u> cause the loss of TIF funds.

Accordingly, unless Chatham supplements its response on or before June 4, 2003 to satisfy its burden, this Court will be constrained to grant Beverage's Rule 54(b) motion. If Beverage wishes to tender its own filing within the same time frame to identify any deficiencies on Chatham's part (independent of Beverage's asserted delays) that it believes made the execution of the Redevelopment Agreement unavailable to Chatham before Beverage satisfied its own obligations, it is free to do so.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: May 21, 2003